MARGARET SLATTERY,. Appellant, *v.* ALBERT F. SCHWAN-
NECKE et al., Respondents.

In an action to redeem certain premises from a mortgage executed to
defendant H. in 1877 and duly recorded, it appeared that the property
was conveyed to plaintiff in 1878, but his deed was not recorded until
1881, prior to which date the mortgage was foreclosed by H., the prop-
erty being bid in by him at the sale. The deed to H. was recorded
December 17, 1880. Plaintiff was not made a party to the foreclosure
action, but due notice of its pendency was filed. On February 4, 1881,
H., conveyed the premises to defendant S., a *bona fide* purchaser, for a
good consideration. The deed to S. was recorded March 9, 1881. The
court found that plaintiff took actual possession of the premises under
her deed, and that H. had actual and express notice of such deed. *Held*,
that plaintiff was not entitled to recover; that S. acquired by his deed
from H. not only his title, but, through the foreclosure proceedings,
the title of the mortgagor; that S. was entitled to the protection given
by the recording act against the prior unrecorded deed of plaintiff,
and this, without regard to the question whether H. had or had not
notice of plaintiff's deed; also that plaintiff was bound by the judgment
in the foreclosure suit the same as if he had been a party thereto. (Code
Pro. § 132.)
It appeared that the attorneys for H. in the foreclosure suit, and who had
made the loan to the mortgagor, were informed of her deed before the
foreclosure. This knowledge was not acquired in any matter or pro
ceedings relating to the making of the loan or the foreclosure of the
mortgage, or while engaged in the transaction of any business for H.
*Held*, that plaintiff was not charged with notice of said deed.
The knowledge of an agent can be charged to the principal only when clear
proof is made that the knowledge was present in the agent's mind at the
time of the transaction which is the subject of consideration.
Reported below, 44 Hun, 75.

(Argued January 27, 1890; decided February 25, 1890.)

APPEAL from an order of the General Term of the
Supreme Court in the first judicial department, made March
31, 1887, which reversed a judgment in favor of plaintiff
entered upon a decision of the Special Term, and granted a
new trial.

The nature of the action and the facts are sufficiently stated
in the opinion.

*James C. De La Mare* for appellant. As the order of reversal does not state that it was made upon the facts, this court is bound to presume that it was on questions of law, and to reverse it if no error of law is shown. (Code Civ. Pro. § 1338; *Lewis* v. *Bouton*, 106 N. Y. 70.) The facts found amply support the judgment. (*Meehan* v. *Forrester*, 52 N. Y. 275; *Hart* v. *Ten Eyck*, 2 Johns. Ch. .) The court cannot, on the case as presented, determine whether or not the finding was without evidence to support it. (*Porter* v. *Smith*, 107 N. Y. 531; 35 Hun, 118.) The finding that Hewlett had notice of the deed to plaintiff is not without evidence tending to sustain it. (*Dolan* v. *Merritt*, 18 Hun, 27; 3 Wait's Pr. 307; *Bennett* v. *Johnson*, 21 N. Y. 238; Baylies on N. T. & App. 174, 290; *Cox* v. *Pierce*, 112 N. Y. 637; *Dunn* v. *Hornbeck*, 72 id. 80, 89; Thomas on Mort. §§ 489, 490; *Flagg* v. *Mann*, 2 Sum. 554; *Read* v. *Gannon*, 50 N. Y. 345; *Ellis* v. *Hoorman*, 90 id. 466.) The Lawtons being the attorneys and agents for Hewlett, notice to them was, in law, notice to Hewlett. (*Bank of U. S.* v. *Davis*, 2 Hill 451; *Ingalls* v. *Morgan*, 10 N. Y. 178, 184, 185; *Dillon* v. *Andrews*, 43 id. 231, 238; *Bank* v. *Frank*, 13 J. &. S. 415; *Holden* v. *N. Y. & E. Bank*, 74 N. Y. 286, 292; *Craigie* v. *Hadley*, 99 id. 131-134.) The defendant Schwannecke is in no better position than Hewlett. (*Davis* v. *Duffrie*, 18 Abb. Pr. 360; *Dias* v. *Merle*, 4 Paige, 259; *Winslow* v. *Clark*, 47 N. Y. 261; *Hickock* v. *Scribner*, 3 Johns. Cas. 311; 2 Jones on Mort. § 1101; Thomas on Mort. § 705; *Raynor* v. *Wilson*, 6 Hill, 469; *Wood* v. *Chapin*, 13 N. Y. 520; *Gillig* v. *Mass*, 28 id. 208; *Tabbell* v. *West*, 86 id. 288.) There was no contradiction of Slattery's evidence that he made the tender, and that it was refused. It was properly made to Hewlett's attorney and agent. (*Miner* v. *Beekman*, 11 Abb. [N. S.] 147; Thomas on Mort. 235; *Beach* v. *Crooke*, 28 N. Y. 535.) If plaintiff is entitled to redeem, the right to redeem carries with it the right to an accounting. (*Pratt* v. *Stiles*, 9 Abb. Pr. 150.)

*Abner C. Thomas* for respondent. The court at Special

Term erred in finding that the defendant Hewlett, at and before the commencement of the action to forclose said mortgage, had actual and express notice of the deed to Margaret Slattery. (*Constant* v. *University*, 111 N. Y. 604, 611.) Even if absolute proof of personal notice to Mr. Hewlett individually, before the commencement of the foreclosure, could be found in the case, this would not sustain the judgment of the Special Term. (Code Civ. Pro. § 1671; *Stern* v. *O'Connoll*, 35 N. Y. 104; *Lamont* v. *Cheshire*, 65 id. 30, 38; *Ayrault* v. *Murphy*, 54 id. 203; *Kindberg* v. *Freeman*, 39 Hun, 466; *Kipp* v. *Brandt*, 49 How. Pr. 358; *Ostram* v. *McCann*, 21 id. 431; *Hall* v. *Nelson*, 23 Barb. 88; 14 How. Pr. 32.) The judgment was properly reversed as to the defendant Schwannecke, as to whom no notice of any kind is pretended. (*Wood* v. *Chapin*, 13 N. Y. 509; *Fort* v. *Burch*, 5 Denio, 187; *Westbrook* v. *Gleason*, 79 N. Y. 23, 31; *Decker* v. *Boice*, 83 id. 215, 221; *Varick* v. *Briggs*, 6 Paige, 323; Jones on Mort. § 583; *L. F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 476; *Jackson* v. *McChesney*, 7 Cow. 360.) Even if the plaintiff could sustain the claim for redemption, a new trial would be necessary, for the reason that the judgment of the Special Term is erroneous with respect to the principles laid down in it as to which redemption is to be had. (*Packer* v. *R. & S. R. R. Co.*, 17 N. Y. 283; *Hart* v. *Wandle*, 50 id. 381; *Gage* v. *Brewster*, 31 id. 218; *Winslow* v. *Clark*, 47 id. 261; *Raynor* v. *Selmes*, 52 id. 579; *Vanderkemp* v. *Shelton*, 11 Paige, 28; *Parker* v. *Child*, 25 N. J. Eq. 41; *Seward* v. *Huntington*, 94 N. Y. 104, 114; *Franklyn* v. *Hayward*, 61 How. Pr. 43; *Mickles* v. *Dillaye*, 17 N. Y. 80; *Wetmore* v. *Roberts*, 10 How. Pr. 51; *Foyal* v. *Pirro*, 17 Abb. Pr. 113; *Miner* v. *Beeckman*, 50 N. Y. 337; *Brinckerhoff* v. *Lansing*, 4 Johns. Ch. 65; *Perine* v. *Dunn*, Id. 140.)

BROWN, J.    This action was brought to redeem certain real estate situated in the city of New York from a mortgage executed by Clara Decker and Peter P. Decker, her husband, to the defendant Hewlett, to secure the sum of $2,000, and bearing

date December 13, 1877, and duly recorded in the register's office of said city.

The plaintiff became the owner of the property by deed from said Deckers dated July 25, 1878, but not recorded until March 15, 1881.

Intermediate, the date of plaintiff's deed and the date of its record, the defendant Hewlett foreclosed his mortgage by action in the Supreme Court, and on the 28th day of October, 1880, received a deed from Thomas Nolan, referee, pursuant to a sale made under the judgment rendered in said foreclosure action, which deed was duly recorded December 17, 1880. The plaintiff was not made a party to that action, but a notice of the pendency of the action, in the form required by the Code, was duly and regularly filed in the office of the clerk of the city and county of New York on July 16, 1880.

On February 4, 1881, Hewlett conveyed the premises to the defendant Schwannecke for the consideration of $2,500, of which $500 was paid in cash, and the balance secured by a mortgage upon the same premises. The deed to Schwannecke was recorded on March 9, 1881.

The General Term reversed the interlocutory judgment entered at the Special Term in the plaintiff's favor, and as the order of that court does not state that such reversal was upon the facts, we must presume it to have been upon the law. The facts found by the trial court are not, therefore, open to review here, so far as they are supported by evidence.

The court found that the plaintiff took actual possession of the premises under her deed, and that the defendant Hewlett had actual and express notice of the deed to the plaintiff. Schwannecke was a *bona fide* purchaser of the premises for a valuable consideration. (*Lacustrine Fertilizer Co.* v. *Lake Guano & Fertilizer Co.*, 82 N. Y. 476; *Wood* v. *Chapin*, 13 N. Y. 509.)

He acquired by his deed from Hewlett not only Hewlett's title, but, through the medium of the foreclosure proceedings, the title of Mrs. Decker, the mortgagor, and such deed was a bar against her and all parties to the suit. (Code Civ. Pro. § 1632; *Seward* v. *Huntington*, 94 N. Y. 104–114.)

This defendant was, therefore, entitled to the protection given by the recording act against the prior unrecorded conveyance of the plaintiff, and this without regard to the question whether Hewlett had or had not notice of the plaintiff's deed. ( *Wood* v. *Chapin, supra ; Decker* v. *Boice,* 83 N. Y. 215.)

As to this defendant the judgment was properly reversed by the General Term.

The defendant Hewlett excepted to the findings of the trial court which I have quoted, and under such exceptions the question is presented in this court, as one of law, whether there is any evidence tending to support such findings, and upon that question we will presume that all the evidence given upon the subject embodied in those findings is contained within the case. (*Halpin* v. *Phenix Ins. Co.*)[*]

We find no evidence in the record showing that the plaintiff ever had " actual possession " of the premises, or that Hewlett had " actual and express notice " of the plaintiff's deed as found by the Special Term.

It does appear, however, that the attorneys for Hewlett in the foreclosure suit, and who had also made the loan to Mrs. Decker, had notice of plaintiff's deed. This knowledge was not acquired in any matter or proceedings relating either to the making of the loan or the foreclosure of the mortgage, nor while engaged in the transaction of any business for Mr. Hewlett, but the information was received from the plaintiff's husband upon a visit by him to the attorneys' office, to inquire about an abstract of title of the property, a matter that concerned neither the attorneys or Hewlett, but the plaintiff alone. And for the purpose of supporting the judgment, we may presume the fact to be in accordance with this evidence, and give to it the same effect as if it had been found by the trial court.

The question how far a principal is chargeable with notice communicated to or knowledge acquired by his agent in another transaction at another time, when not acting for his

*Note, *ante*, p. 165.

principal, has recently received consideration in this court in the case of *Constant* v. *University of Rochester* (111 N. Y. 604), and the principle was there settled that the knowledge of the agent can be charged to the principal only when clear proof is made that the knowledge was present in the agent's mind at the time of the transaction which is the subject of consideration by the court. Within the doctrine of that case the attorneys' knowledge cannot be imputed to Hewlett, as there is not only no proof that at the time of the foreclosure they had in mind the fact that plaintiff held a deed for the property, but all the evidence in the case tends to the opposite conclusion, as it shows that they supposed and believed that one John Slattery was the owner, and was for that reason made a defendant in the action.

We think, therefore, that the plaintiff's case falls within section 132 of the Code of Procedure, which was in force at the time of the filing of the notice of pendency of action in the foreclosure suit, and which provided that "from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby, and every person whose conveyance or incumbrance is subsequently executed or *subsequently recorded* shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all the proceedings taken after the filing of such notice to the same extent as if he were made a party to the action."

Plaintiff's deed was not recorded until after all the other deeds for the property had been placed upon the record, and she was, therefore, bound by the judgment of foreclosure to the same extent as if she had been a party to the action.

In view of the very satisfactory opinion delivered at the General Term, it is not deemed necessary to discuss the questions involved at greater length.

The order should be affirmed and judgment absolute rendered against appellants, with costs.

All concur.

Order affirmed and judgment accordingly.