JENNIE MULL, Respondent, *v.* CHARLES S. INGALLS et al., Appellants.

(County Court, Otsego County, December, 1899.)

Accord and satisfaction.

> Where the agent and manager of a woman, manufacturing under the name of a company, makes a contract for her to deliver goods and signs it as such manager, and the vendees thereafter send her a check for the undisputed amount of the goods and make it payable

to the company, but deduct therefrom an amount due the vendees by the manager, and indorse on the face of the check "in full of account to date", the use of the check does not amount to an accord and satisfaction, and the woman is entitled subsequently to recover of the vendees the amount which they deducted from the bill for the debt of her manager.

APPEAL by defendants from judgment rendered in Justice's Court.

Alva Seybolt, for appellants.

A. L. Kellogg, for respondent.

BARNUM, J.    This plaintiff for several years before commencement of this action was doing business in the village of Oneonta, under the name or style of the Oneonta Awning & Tent Company.    C. E. Mull, her husband, was her agent and manager.

On the 21st day of July, 1898, he entered into an agreement with the Ingalls & McClintock Stone Company of Binghamton, N. Y., composed of the defendants above named, through their agent, Mr. McLaury, for the sale of six awnings, the property of the plaintiff, at an agreed price.

In the body of the contract it appears to be the contract of C. E. Mull, individually.    It was signed at the end thereof by him, " C. E. Mull, Mgr. Oneonta A. & T. Co."

The awnings were delivered to the defendants on the 25th day of July, 1898.

At the time the contract was made and the goods delivered C. E. Mull was indebted to the defendants upon an account which was assigned to them July 8, 1898, by one Lennon.

August 18, 1898, the defendants sent their check payable to the order of the Oneonta Awning & Tent Company for the difference between the purchase price of the awnings and the Lennon account, which contained on its face the words, " In full of account to date." At the same time they sent the Lennon account receipted and a letter to C. E. Mull asking him to receipt his bill, and referring to the check and receipted bill.

C. E. Mull indorsed the check " Oneonta Awning & Tent Co.,

C. E. Mull, Mgr." and received the money on it and returned the Lennon receipted bill to the defendants.

It does not appear that any controversy had arisen between the parties. The contract price for awnings was not disputed. Defendants had not claimed the right to offset the amount due them from plaintiff's agent. They sent a letter to C. E. Mull with the check and receipted bill saying that they had deducted the amount of the Lennon bill, but did not claim a right to offset nor assign any reason for deducting it from the amount due plaintiff.

The evidence does not disclose facts sufficient to make the acceptance of the check an accord and satisfaction and a bar to this plaintiff's claim in this action.

In the case of Nassoiy v. Tomlinson, 148 N. Y. 326, the amount of the indebtedness was previously in dispute, and the acceptance of a check sent with information that it was intended as a payment in full, was held to be an accord and satisfaction and a bar to the action upon the ground that the claim was unliquidated and the plaintiff could not accept the amount offered as a payment in full and reject the conditions under which it was offered.

In the case at bar, plaintiff's claim being liquidated, the rule laid down in the above cited case does not apply.

The court say in Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 300 : " Ordinarily, the retention of a check inclosed in a letter which refers to the amount as the balance due on accounts between the parties, will not be held to be an accord and satisfaction so as to bar an action for the balance due. It is only in cases where a dispute has arisen between the parties as to the amount due and a check is tendered on one side in full satisfaction of the matter in controversy that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check."

The defendants claim the right to set off the amount due them on the Lennon bill from C. E. Mull upon the theory that the agent contracted individually without disclosing the fact that he was an agent.

It was held in Pratt v. Collins, 20 Hun, 127, that, " if goods are sold by a factor or agent, in his own name, without disclosing his principal, the purchaser has a right to set off a debt due him from (the agent), in an action by the principal for the price of the goods, unless, however, the purchaser knew, or had reason to be-

lieve, that the vendor was selling as agent, or unless there were circumstances such as to put him on inquiry in this respect."

The rule is recognized in Hogan v. Shorb, 24 Wend. 462; Mullen v. Lamphear, 15 N. Y. St. Repr. 648; McLachlin v. Brett, 34 Hun, 480; Nichols v. Martin, 35 id. 170.

Judge Finch in Wright v. Cabot, 89 N. Y. 574, referring to the rule permitting the purchaser to set off his claim against the agent, says, " But neither the rule nor its reason can apply where the third person knows or has sufficient information to fairly infer the existence of an actual agency, although the name of the principal be not disclosed. And the same result follows where, without actual knowledge of the agency, the circumstances are such as fairly to put the third person on inquiry."

The contract in the case at bar was signed by the agent who wrote after his name " Mgr. Oneonta A. & T. Co."

The question being whether the addition of the words to his signature was a circumstance sufficient to put the defendants upon inquiry. I am of the opinion that the use of those words was some evidence from which the trial court could find that the other contracting party was put on inquiry in respect to the ownership of the goods. The defendants were purchasing goods manufactured by the awning and tent company. The appellants testified that they did not know what persons constituted the Oneonta Awning & Tent Company, but did not testify that they did not know of the existence of the company, nor that the words added to the signature escaped their notice.

This court cannot reverse if there is any evidence to sustain the decision of the trial court upon the material questions of fact. While the evidence above referred to is perhaps slight, yet I think it is some evidence and sufficient to require this court to affirm the judgment. Hommel v. Meserole, 18 App. Div. 107.

If the question was whether the agent was personally liable upon the contract, the words would probably be held to be *descriptio personae* and the agent liable, but that question is not material to this case.

There was other evidence received which is quite material upon the question of notice to the defendants. C. E. Mull testified, " Had a controversation with McLaury time of signing the contract. I said to McLaury this is rather strange we never had contract for so small a job and I cannot sign as C. E. Mull. I am

simply manager here." Later in the return the justice has written " Plaintiff consents that all the conversation previous to execution of contract be stricken out."

It does not appear that a motion was made to strike it out by either party, nor that the defendants consented that it be stricken out, nor that it was stricken out by the justice. Plaintiff's consent does not appear to have been acted upon.

This court is compelled to regard the testimony as part of the testimony in the case.

If the return is defective, application could have been made for an amended return.

This evidence is competent and sufficient to show that the defendants' agent, McLaury, whose acts in making the contract the defendants have ratified, knew at the time the contract was made that C. E. Mull was making the contract as agent, and that he was not the owner of the property. Knowledge of that fact by the agent is chargeable to the principal. Slattery v. Schwannecke, 118 N. Y. 548.

The defendants were not entitled to the set off claimed. The judgment must be affirmed, with costs.

Judgment affirmed, with costs.