LEVY v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. EVIDENCE—RECORDS OF COURT—IDENTIFICATION.
      It was error to receive in evidence, over objection, records of the court,
   with no other proof of identification than the word of counsel that they
   were the originals.
2. SAME—APPEAL—PRACTICE—ABANDONMENT OF APPEAL.
      Where an order extended the time for serving a case on appeal on cer-
   tain conditions, the trial court had authority under the general rules of
   practice, on a showing that the condition had not been complied with, to
   make an order that the appeal be declared abandoned.
3. SAME—DISMISSAL OF APPEAL.
      Where a motion to dismiss an appeal, on the ground that the terms im-
   posed on the granting of an extension of time to serve the case on appeal
   had not been complied with, was denied on condition that appellant pay
   costs, etc., appellant having done so and had his case heard, his appeal
   from the order on the motion should be dismissed.

Appeal from City Court of New York, Trial Term.

Action by Morris Levy against the Fidelity & Deposit Company of
Maryland.   From a judgment for plaintiff, and from an order deny-
ing a motion to vacate a former order and to declare defendant's ap-
peal abandoned.   Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCH-
ARD, JJ.

Boardman, Platt & Soley (Louis H. Reynolds, of counsel), for ap-
pellant.

Gustavus A. Rogers, for respondent.

FREEDMAN, P. J.   The plaintiff, as assignee of a judgment of
the City Court in favor of one Marks Levy against George W. Klune,
et al., brought this action upon an undertaking issued in that action by
the Fidelity & Deposit Company of Maryland, conditioned for the
payment of any judgment which the plaintiff in that action might ob-
tain.   The defendant's answer put the plaintiff upon strict proof of
his case.   The issues herein were tried by a justice of the City Court
without a jury.   The defendant offered no evidence, and the case was
submitted to said justice for decision upon the proofs adduced by the
plaintiff.

Assuming that such proofs, if properly admitted sufficiently support
the judgment ·rendered by said justice in favor of the plaintiff, the
exceptions taken by the defendant to the admission of evidence, and
to the findings of fact and conclusions of law of the justice, never-
theless raise the question whether a sufficient foundation was laid for
the introduction of much of the documentary evidence submitted by
the plaintiff.   An order made by another justice awarding motion
costs, an execution issued thereon, and the sheriff's return indorsed
thereon, records of the Municipal Court, and the judgment of the City
Court in Levy v. Klune, or, more correctly speaking, papers purport-
ing to be such documents, were received in evidence against defend-

¶ 1. See Evidence, vol. ·20, Cent. Dig. § 1522½.

ant's objection and exception, with no other proof of identification
than the word of plaintiff's counsel that they were the originals.   This
was not sufficient.   True, a court may always take cognizance of its
own records, and such records, when properly identified or authen-
ticated, are presumptive evidence of their contents.   But there must
be identification that they are original records, and that they were
taken from the files of the court.   In Chase's Edition of Stephen's
Digest of the Law of Evidence (article 74) the rule is stated as fol-
lows: "The contents of any public document whatever may be proved
by producing the document itself for inspection from proper custody,
and identifying it as being what it professes to be."   And in section
485 of Redfield's Edition of Greenleaf on Evidence it is said: "But
they must be accompanied by proof that they come from the proper
repository."   Upon offering a public record in evidence, it is usual to
place the clerk or officer having the custody thereof upon the stand
to identify the record as the original thereof taken from the files of
his office, and it is then, and only then, that the court can take cog-
nizance of it, unless the preliminary proof was waived.   In the case
at bar there was no waiver, but an insistence upon strict proof, and,
there being a defect of proof as pointed out, there must be a new
trial.   The point is available to the defendant upon the exception taken
under the decisions of Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23
N. E. 482, and Slattery v. Schwannecke, 118 N. Y. 543, 547, 23 N.
E. 922.

The defendant also appealed from an order of the City Court dated
January 15, 1904.   The defendant having on November 30, 1903, ob-
tained ex parte an order extending its time to serve a case on appeal
from the judgment 20 days from December 5, 1903, although by order
of the court it had previously had 30 days for that purpose, a motion
was made by the plaintiff to vacate said order, on the ground that it
had been procured in violation of rule 32 of the general rules of prac-
tice.   On that motion an order was entered on December 15, 1903,
denying the motion on conditions to be performed by the defendant.
Upon affidavit claiming that such conditions had not been fully per-
formed, the plaintiff then moved that the order of November 30th be
vacated, and defendant's appeal from the judgment be declared aban-
doned and dismissed.   Upon this motion the order appealed from was
made.   The said order denied plaintiff's motion on condition that $10
costs be paid to plaintiff's attorney and the appeal argued at the Febru-
ary term of this court, and then concluded, "and in default of the
defendant to comply with each and both conditions aforesaid, then said
motion be in all respects granted, with costs."   The defendant paid
the costs imposed, and now asks for a reversal of the order and resti-
tution of the costs paid, on the sole ground that the order was made
without jurisdiction, inasmuch as the motion to dismiss the appeal
should have been made to the Appellate Term.   This claim is unten-
able.   True, a motion to dismiss an appeal must be made to the ap-
pellate tribunal.   But the court of original jurisdiction has power,
under the general rules of practice, to declare a case abandoned.   This
is an entirely distinct proceeding.   So the court below clearly had
the power to conditionally vacate, for cause shown, the order of No-

vember 30, 1903. But it is a waste of time to attempt to determine with precision the extent of the legal effect which the order would have had if the defendant had declined to accept the conditions imposed. The conditions having been complied with, and the defendant having accepted the benefit of the order, and thus secured a hearing of its appeal from the judgment upon the case as made, settled, and filed, the appeal from the order of January 15, 1904, should be dismissed.

For the reasons stated, the judgment appealed from is reversed, and a new trial ordered, with costs to appellant to abide the event; and defendant's appeal from the order of January 15, 1904, is dismissed, with costs and disbursements to respondent. All concur.