AZZARA et al. v. WALLER et al.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. ÉVIDENCE—COURT RECORDS—IDENTIFICATION.
     Court records are inadmissible in evidence without other proof of identification than the word of counsel offering them that they are the originals.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Accursie Azzara and others against Louis Waller and others.   From a Municipal Court judgment in favor of plaintiffs, defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Charles Frankel, for appellants.
Steuer & Hoffman, for respondents.

¶ 1. See Evidence, vol. 20, Cent. Dig. § 1522½.

FREEDMAN, P. J.   To sustain the plaintiffs' cause of action herein, it was essential to show that a judgment had been obtained against these plaintiffs in favor of one Wilkins, which judgment establishes the ownership of a horse in Wilkins, which horse had been sold to the plaintiffs by these defendants under an implied warranty.   In offering this record in evidence this is what occurred:

"Plaintiff's Counsel: Here is the record produced by the attendant of the Second Municipal Court, which I offer in evidence. Defendants' Counsel: Objected to, on the ground that it is immaterial, irrelevant, and incompetent, and not binding on these defendants. The Court: Objection overruled. Record allowed. Exception."

Under the decision in the case of Levy v. Fidelity & Deposit Company of Maryland (Sup.) 87 N. Y. Supp. 487, this was error.

Judgment reversed.   New trial granted, with costs to appellants to abide the event.

MacLEAN, J., concurs.

SCOTT, J. (concurring).   In addition to the reason given by the learned Presiding Justice for the reversal of the judgment, it is apparent that the recovery is too large.   There is no evidence of value of the horse, except the price paid for him ($100), and the recovery in the former action, which was for $100 and costs.   Assuming that notice of the prior action was given to defendants, so as to require them to come in and defend, the judgment in that action is only. conclusive upon them for the amount of the recovery therein.   The judgment in the present action is for $148.50 and costs.   Just how the learned justice arrived at this figure does not appear, but it is evident that he must have included something for plaintiff's counsel fees paid in the former action, and also something for the undefined "court expenses" which one of the plaintiffs says he paid.   The defendants were not chargeable with these sums, and, if they were, there was absolutely no evidence of the value of the legal services or of the nature of the "court expenses."   For this reason, as well as that stated by the learned Presiding Justice, the judgment must be reversed.