(April 30, 1984)

■ WINSTON A. CRANE et al., Appellants, v NEW YORK COUNCIL 66 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES et al., Respondents. PATRICK GERDUS et al., Appellants, v NEW YORK COUNCIL 66 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES et al., Respondents. — Motions for preliminary injunctions pursuant to CPLR 5518 and 5519 (subd [c]). ¶ Motion, pursuant to sections 750 and 753 of the Judiciary Law, to punish the members of the City Council of the City of Binghamton and the attorneys for the City of Binghamton by holding them in contempt. ¶ In the present case involving two separate actions, plaintiffs sought preliminary injunctions restraining defendants from entering into a collective bargaining agreement. By order entered April 20, 1984, Special Term denied the relief requested on the ground the court lacked jurisdiction to resolve the underlying dispute. Plaintiffs have appealed from this order and, by orders to show cause signed on April 26, 1984 by Justice T. Paul Kane, an Associate Justice of this court, they have moved for preliminary injunctions pending appeal (CPLR 5518). The orders to show cause issued by Justice Kane contained temporary restraining orders directing, *inter alia*, that defendants City of Binghamton and members of the City Council of the City of Binghamton take no action with respect to the subject agreement. Specifically, the orders directed that the *status quo* remain in effect pending this court's decision upon the motions for a preliminary injunction pending appeal. ¶ Subsequently, on April 26, 1984, defendants City of Binghamton and its officials

apparently served a notice of intention to seek permission to appeal to the Court of Appeals from Justice Kane's temporary restraining orders. The City Council of the City of Binghamton then approved the subject contract and on April 27, 1984, the Mayor signed the contract. Contrary to defendants' position, the serving of the notice of intention to seek permission to appeal to the Court of Appeals did not automatically vacate Justice Kane's temporary restraining orders pursuant to CPLR 5519 (subd [a], par 1). Rather, in conformity with the well-recognized principle that a stay may only be used as a shield, not a sword, Justice Kane's temporary restraining orders remain in effect (see *Danzinger v Gottlieb,* 156 App Div 571). In any event, we would note that a temporary restraining order contained in an order to show cause, as was Justice Kane's order, is not appealable (*Matter of Versaci v Slezak,* 93 AD2d 918). Accordingly, the subsequent actions of the city officials were in violation of the temporary restraining orders and the subject contract is, therefore, invalid (see *McKee v City of Cohoes Bd. of Educ.,* 99 AD2d 923; Calamari and Perillo, Law of Contracts [2d ed], §§ 22-1, 22-3, pp 780-781). Moreover, the violation of a temporary restraining order requires that we restore the *status quo,* which we so do (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7, CPLR 2201:16, pp 12-13). ¶ Addressing the motions for preliminary injunctions, a review of the papers submitted on the motions reveals that the underlying dispute involved a claim of a breach of the duty of fair representation. The Supreme Court retains jurisdiction to review allegations of a breach of the duty of fair representation (see *De Cherro v Civil Serv. Employees Assn.,* 60 AD2d 743). Accordingly, we are of the view that Special Term erred in denying the motions for preliminary injunctions on the sole ground that the court lacked jurisdiction to resolve the underlying dispute. In view of the fact that Special Term did not reach the merits of the motions for preliminary injunctions, we conclude that the matters should be remitted to Special Term for determinations on the merits. Consequently, the instant applications should be granted to the extent that the matter is remitted to Special Term for a determination of the motions on the merits and, pending said determination, the temporary restraining orders issued by Justice Kane on April 26, 1984, will remain in effect. ¶ The plaintiffs have also moved to punish the City Council of the City of Binghamton and the attorneys for the City of Binghamton by holding them in contempt for willfully violating the temporary restraining orders of Justice Kane by entering into the collective bargaining agreement. We find, however, that due to the fact that the actions of these individuals were based upon their interpretation of CPLR 5519 (subd [a], par 1), their conduct was not willful even though this court concludes that their interpretation was erroneous. Therefore, the motion to punish certain of the defendants for contempt should be denied. ¶ Motions for preliminary injunctions pending appeal granted, without costs, to the extent that the matter is remitted to Special Term for further proceedings not inconsistent herewith and the temporary restraining orders dated April 26, 1984 contained in the orders to show cause dated April 26, 1984 are continued pending a determination of the motions for preliminary injunctions at Special Term. ¶ Motion to punish the members of the City Council of the City of Binghamton and the attorneys for the City of Binghamton by holding them in contempt denied, without costs. Kane, J.P., Casey, Weiss, Mikoll and Levine, JJ., concur.