■ ALEXANDER LOIKA et al., Appellants, v HELEN HOWARD et al., Respondents. — Appeal from an order of the Supreme Court in favor of defendants, entered August 29, 1983 in Schenectady County, upon a dismissal of the complaint by the court at Trial Term (Walsh, Jr., J.), at the close of plaintiffs' case. ¶ On November 28, 1978, defendants Helen Howard and First National Bank of Scotia executed an agreement whereby the bank agreed to purchase Howard's property located in the Village of Scotia, Schenectady County, at fair market value; in the event that Howard received an acceptable purchase offer, the bank would have the right of first refusal to purchase the property on the same terms within 15 days of notice of such offer. This agreement was recorded in the Schenectady County Clerk's office on November 29, 1978. ¶ On August 6, 1981, Howard wrote the bank to the effect that she desired to sell her property for $45,000. The bank made a counteroffer of $33,000. On August 19, 1981, Howard, through her nephew, informed the bank that she expected an offer to purchase of $39,000. The bank responded by informing Howard's nephew that if Howard was to receive an offer of $39,000, the bank was to be advised and that a decision would be made within 48 hours as to whether the bank would buy the realty at that price. ¶ On August 22, 1981, plaintiffs, after viewing the property, made an offer of $37,000. Howard informed plaintiff that the bank had a right of first refusal on the property and that plaintiffs should provide her with a purchase offer, at which time the bank would be informed. On September 1, 1981, plaintiffs executed a purchase offer and mailed it with a $100 deposit check to Howard. She signed the offer and forwarded it to her attorney. Upon receipt, Howard's attorney wrote a statement on the offer to the effect that the purchase offer was contingent upon the bank declining to exercise its right of first refusal, and forwarded the instrument to the bank. Howard's property was conveyed to the bank by deed dated October 18, 1981. In mid-September of 1981, plaintiffs became aware that the bank was purchasing the property. The deposit was returned to plaintiffs. ¶ On March 17, 1982, plaintiffs instituted this action for breach of contract, tortious interference with contractual relations and specific performance. At the close of plaintiffs' case before the court without a jury, defendants moved to dismiss for failure to state a cause of action. The trial court dismissed plaintiffs' actions for breach of contract and specific performance, holding that plaintiffs had failed to establish an acceptance by Howard of their purchase offer and that the bank's right of first refusal, which was duly recorded, was timely exercised within 15 days of the bank's receipt of plaintiffs' bona fide offer. The trial court also, *sua sponte,* dismissed plaintiffs' cause of action for tortious interference with contractual relations for lack of evidence. This appeal by plaintiffs ensued. ¶ First, we reject plaintiffs' contention that the bank's right of first refusal was

revocable since there was no consideration by the bank for the option, and that Howard revoked the agreement when she contracted to sell her property to plaintiffs. A careful reading of the agreement between Howard and the bank discloses mutual promises beneficial to Howard as promisor and detrimental to the bank as promisee. Howard agreed to give the bank the right of first refusal to purchase her property at its fair market value whenever she decided to sell her property but did not have a third party's purchase offer. Thus, the benefit accruing to Howard was the existence of the bank as a guaranteed purchaser of her property. The detriment to the bank was its obligation to buy Howard's property at the fair market value whenever Howard decided to sell. Such mutual consideration for the agreement clearly precludes the applicability of section 5-1109 of the General Obligations Law (see, also, 21 NY Jur 2d, Contracts, § 84, p 504). ¶ Next, we reject plaintiffs' argument that the bank forfeited any option rights it had under the agreement when it decided not to purchase the property when Howard informed the bank on August 6, 1981 that she desired to sell the property for $45,000. As of the date of this communication to the bank by Howard, the fair market value of the house had not been established, Howard had not demanded that the bank purchase the property at that price pursuant to their agreement, negotiations concerning the sale price of the property continued, and, most important, the bank never took the position that it would not purchase Howard's house for $45,000. To hold that the bank waived its right upon Howard's request for $45,000 would be tantamount to saying that the bank's rights would be lost if it failed to agree to any purchase price, however preposterous (see *Cortese v Connors*, 1 NY2d 265). ¶ We also reject plaintiffs' alternative contention that, even if the bank's right of first refusal was valid and enforceable, such right was forfeited by the bank when it attempted to exercise said right on September 18, 1981, 22 days after it had received notice that Howard had a purchase offer from plaintiffs for $37,000. Plaintiffs' argument relies exclusively upon the contract language that "the bank may, within fifteen (15) days after receiving such notice, elect to purchase the real property". This reliance on the contract language is misplaced. We agree with the trial court's conclusion that, even though the bank received oral notice of plaintiffs' purchase offer, the 15-day period did not begin to run until the bank had a bona fide offer which could only be evidenced by receipt of the written purchase offer. Since the bank did not receive plaintiffs' written purchase offer until sometime after September 11, 1981, its exercise of its right to purchase Howard's property on September 18, 1981 was timely. To hold that the bank's option right was triggered for the purpose of computing time limitations upon notice of an oral offer by a third party would invite fraud and deceit. Without the requirement of written proof of an offer to purchase, the vendor could easily defraud the optionee and wrongfully extinguish an option agreement for which there was valuable consideration. ¶ Next, we conclude that an enforceable contract between plaintiffs and Howard never existed and that an action for specific performance or money damages must fail. It is not disputed in the record that plaintiffs had actual notice of the existence of the bank's option of first refusal. Had they made further inquiry before executing their written offer to purchase, they would have fully understood the nature of the bank's interest (see *Wardell v Older*, 70 AD2d 1008). Since plaintiffs had notice of the bank's interest before they executed their purchase offer, they could not be bona fide purchasers as to the bank (see *Pollack v Viele*, 273 App Div 871, affd 298 NY 670). Further, since the agreement between Howard and the bank was recorded, plaintiffs were charged with constructive knowledge of the bank's interest and, accordingly, they could not be bona fide purchasers of Howard's property until the bank's right of first refusal had been discharged, an event which had not occurred at

the time of plaintiffs' offer (see *Doyle v Lazarro,* 33 AD2d 142, affd 33 NY2d 981). ¶ Lastly, plaintiffs failed to establish any contract with Howard. While Howard forwarded the signed purchase offer made by plaintiffs to the bank, she did not return the signed instrument to plaintiffs. The Court of Appeals in *219 Broadway Corp. v Alexander's, Inc.* (46 NY2d 506) stated that: "The due signature of the * * * instrument is but one step in the process of conveying an interest in land. Delivery requires something more. There must be evidence of an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed. The mere signing of the instrument by parties not in the presence of each other, without more, does not evince such intent" (*id.,* at p 512). Here, not only was plaintiffs' purchase offer not signed in the presence of both plaintiffs and Howard, there is no evidence of an unequivocable intent by Howard to convey her realty to plaintiffs. Thus, we conclude that the trial court properly determined that plaintiffs failed to establish an acceptance and delivery by Howard to plaintiffs which would enable them to sue for breach of contract or specific performance. ¶ Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.