■ ISABELLA CATALANO, Appellant, v FREDERICK P. CATALANO et al., Respondents. (Action No. 1.) FREDERICK P. CATALANO, Respondent, v ISABELLA CATALANO, Appellant. (Action No. 2.)

The appeal from the intermediate order made in action No. 1 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in that action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have

been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Where, as here, there is a claim for equitable distribution in a divorce action and the court issues a restraining order enjoining both parties from disposing of or converting any of the assets held jointly by them pending the ultimate disposition of the action pursuant to Domestic Relations Law § 234 *(see generally, Leibowits v Leibowits,* 93 AD2d 535), that order does not terminate with the entry of a divorce judgment in the action where the issues relating to equitable distribution have been severed for later trial. The judgment of divorce is a final judgment as to the marital status of the parties, but only a partial judgment in the action. Thus, the respondents' reliance on *Flynn v Flynn* (128 AD2d 583) is misplaced. In that case the court stated: "An order awarding pendente lite relief is only designed to provide temporary relief pending disposition of the matter in a final judgment" *(Flynn v Flynn, supra,* at 584). At bar, the restraining order was made in order to prevent the dissipation of marital assets prior to the entry of a judgment providing for the equitable distribution of the marital property. Since no judgment has been entered on that issue, the restraining order remains in effect. Accordingly, we find that the deed purporting to transfer the husband's interest in the former marital residence to Hilary House Properties, Ltd., a corporation wholly owned by the respondent Virginia Catalano, is null and void; as is the subsequent deed purporting to transfer the residence from Hilary House Properties, Ltd. to Virginia Catalano.

There is no merit to the contention that Virginia Catalano is a bona fide purchaser. The record reveals that Virginia Catalano had reason to know of the restraining order since she admitted that she was present at the divorce proceedings. Moreover, she conceded in an affidavit that the transfer was made without consideration. Accordingly, Virginia Catalano cannot be deemed a bona fide purchaser for value *(see, United Matura Realty v Reade Indus.,* 155 AD2d 660; *Da Silva v Musso,* 153 AD2d 836; *Wheeler v Standard Oil Co.,* 263 NY 34; *H. G. Fabric Discount v Pomerantz,* 130 AD2d 712; *see also, Rigas v Livingston,* 178 NY 20; *Power Auth. v Moeller,* 57 AD2d 380; *State Univ. v Denton,* 35 AD2d 176; *see also,* 67 NY Jur 2d, Injunctions, § 199).

The court properly granted summary judgment in favor of the defendants on the purported cause of action for conspiracy. In opposing summary judgment the appellant failed to "show facts sufficient to require a trial of any issue" (CPLR

3212 [b]). Indeed, at her examination before trial the appellant indicated that she had no knowledge of any conspiracy or agreement between the defendants to deprive her of her interest in the marital property. The appellant's unsubstantiated belief that a conspiracy occurred is insufficient to defeat the motion for summary judgment (see, *Zuckerman v City of New York*, 49 NY2d 557, 562).

While ethical considerations might be implicated by Wand's conduct in bringing an action against the appellant to recover legal fees for services rendered in connection with the matrimonial action before he was formally relieved by the court as her attorney of record, the appellant's complaint fails to set forth a sufficient cause of action against her former attorney Wand. In any event, we note that the appellant is collaterally estopped from asserting a claim for legal malpractice against Wand since it could have been raised in the prior action brought against her by Wand's firm in which she defaulted (see, *Boronow v Boronow*, 71 NY2d 284; *Silverman v Leucadia, Inc.*, 156 AD2d 442). The proper procedure to obtain relief from the default judgment entered in the action to recover legal fees was the one initially employed by the plaintiff; i.e., a motion pursuant to CPLR 5015 to vacate the default. The denial of that motion was previously affirmed by this court (see, *Shapiro, Sover & Wand v Catalano*, 99 AD2d 689). A plenary action may not be instituted to obtain such relief (see, *Rizzo v Ippolito*, 137 AD2d 511, 513).

The husband's failure to appeal from so much of the order dated March 7, 1989, as granted that branch of the appellant's motion which was to compel the husband to pay arrears in maintenance precludes our consideration of that issue (CPLR 5515).

We have reviewed the parties' remaining contentions and find them to be without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.