■ GREENPOINT SAVINGS BANK, Appellant-Respondent, v VIRGINIA GUILIANO, Also Known as VIRGINIA CATALANO, et al., Respondents-Appellants, et al., Defendants. [656 NYS2d 646] —In a mortgage foreclosure action, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 1, 1995, which, inter alia, granted the cross motion of the defendants Frederick and Isabella Catalano to dismiss the complaint, and (2) as limited by its brief, from so much of an order of the same court, dated February 21, 1996, as, upon reargument, vacated that portion of the order dated September 1, 1995, granting the cross motion to dismiss the complaint in its entirety, and substituted therefor a provision dismissing the complaint insofar as asserted against the defendants Frederick Catalano and Isabella Catalano upon a finding that the plaintiff's mortgage encumbered only the one-half interest of the defendant Virginia Guiliano in the subject property which was acquired by Sheriff's deed, and the defendant Virginia Guiliano, also known as Virginia Catalano, and the defendants Isabella and Frederick Catalano separately cross-appeal from the order dated February 21, 1996, which granted reargument and upon reargument vacated so much of the order dated February 21, 1996, as dismissed the complaint

in its entirety, and amended the order dated September 1, 1995, to include a provision that the plaintiff's mortgage encumbered only the one-half interest of the defendant Virginia Guiliano in the subject property which was acquired by Sheriff's deed.

Ordered that the appeal from the order dated September 1, 1995, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 21, 1996, made upon reargument; and it is further,

Ordered that the order dated February 21, 1996, is affirmed, without costs or disbursements.

This appeal involves a continuing fight over the former marital home of Frederick and Isabella Catalano. In 1987 Isabella Catalano commenced an action against Frederick Catalano and Virginia Guiliano, also known as Virginia Catalano, the second, and now former, wife of Frederick, as well as against Isabella's divorce attorney. By decision and order in that action dated February 20, 1990, this Court held that a deed purporting to transfer Frederick's interest in the former marital residence to Hilary House Properties (hereinafter Hilary House), a corporation wholly owned by Virginia, was null and void, as was a subsequent deed from Hilary House to Virginia, since Frederick's transfer violated a restraining order entered in the matrimonial action (see, Catalano v Catalano, 158 AD2d 570). By decision and order dated October 7, 1991, this Court ordered the Suffolk County Clerk to cancel of record the deeds from Frederick to Hilary House and from Hilary House to Virginia (see, Catalano v Catalano, 176 AD2d 278).

In the instant action, the plaintiff Greenpoint Savings Bank (hereinafter Greenpoint) seeks to foreclose on a mortgage on the former marital home which was executed by Virginia to it in December 1986. The Supreme Court initially dismissed the complaint and declared Greenpoint's mortgage a nullity, based upon the previously-cited decisions and orders of this Court in the action. Thereafter, the Supreme Court granted Greenpoint's motion for reargument, and upon reargument determined that Greenpoint's mortgage did encumber a one-half interest in the property which Virginia acquired from Hilary House and which Hilary House had acquired by Sheriff's deed. We agree. Our prior decisions voided the deed from Hilary House to Virginia only insofar as it devolved from Frederick's wrongful transfer, but did not affect the separate interest in the property that Hilary House acquired by Sheriff's deed and transferred to Virginia. Additionally, Greenpoint is not a bona fide mortgagee because the deeds from Frederick to Hilary

House and from Hilary House to Virginia insofar as it purported to transfer Frederick's interest, were void, not voidable *(see, Catalano v Catalano,* 158 AD2d 570, *supra; see also,* 43A NY Jur 2d, Deeds, § 203).

We have reviewed the parties' remaining contentions and find them to be without merit. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.