■ WESTERN UNITED NURSERIES, INC., et al., Respondents-Appellants, v BELLER & KELLER et al., Appellants-Respondents. [721 NYS2d 531] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 7, 2000, which granted defendants' motion for summary judgment dismissing the complaint only to the extent of dismissing the claim for punitive damages asserted in the fourth cause of action, unanimously modified, on the law, the motion granted and the complaint dismissed in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants-respondents dismissing the complaint.

It is our view that all of the claims interposed by the

corporate and partnership plaintiffs (the corporate plaintiffs) must be dismissed pursuant to the terms of the settlement agreement entered into by the parties, in open court, before the United States Bankruptcy Court, District of Arizona, in August 1994. We find without merit plaintiffs' contentions that defendants repudiated the agreement or that it was not in effect. Indeed, in a subsequent related proceeding to recover legal fees brought by defendant Beller & Keller against individual plaintiffs Joseph Tyler and Tyrone Kindor in the United States District Court for the Southern District of New York, Judge Patterson opined that "[i]t is fairly clear [that Tyler and Kindor] are trying to weasel out of the agreement reached in [the Arizona Bankruptcy Court]." That decision was affirmed by the Second Circuit Court of Appeals (*Beller & Keller v Kindor*, 1996 WL 374159, 1996 US Dist LEXIS 9181 [94 CIV 7682 RPP], *affd sub nom. Beller & Keller v Tyler*, 120 F3d 21). We also note that the corporate plaintiffs subsequently moved in the Arizona Bankruptcy Court for an order directing Beller & Keller to execute the corporate plaintiffs' written version of the August 1994 open court agreement which, contrary to the original agreement, would have permitted the corporate plaintiffs to pursue their claims against certain individual attorneys employed at various times by Beller & Keller, who are named as defendants herein. The Arizona court denied that motion.

Finally, we find that the individual plaintiffs are collaterally estopped from asserting the claims brought herein as they could have been raised in the prior action, by Beller & Keller, to recover legal fees (*see, Catalano v Catalano*, 158 AD2d 570). Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.