■ Barbara J. Skiff-Murray, Appellant, v Kevin R. Murray et al., Defendants, and David N. Cheney et al., Respondents. [793 NYS2d 243]—

Rose, J. Appeal from an order of the Supreme Court (Sise, J.), entered October 20, 2003 in Washington County, which, inter alia, granted a cross motion by defendant First Pioneer Farm Credit, A.C.A. for summary judgment dismissing the complaint against it.

In August 2001, while plaintiff and defendant Kevin R. Murray (hereinafter defendant) were embroiled in a divorce action, defendant transferred his and plaintiff's former marital residence, as well as his business, to his newly-created Nevada corporation, defendant HiTrak Corporation. In March 2002, HiTrak transferred the same real property to defendant's aunt and uncle, defendants David N. Cheney and Esther F. Cheney,

and the Cheneys simultaneously mortgaged the property to defendant First Pioneer Farm Credit, A.C.A. The court's decision in the divorce action included findings that the transfer from defendant to HiTrak was fraudulent and the transfer from HiTrak to the Cheneys violated a restraining order issued against defendant and his agents. However, since neither HiTrak nor the Cheneys were parties to the divorce action, these transfers—as well as defendant's removal of himself from the jurisdiction of the New York courts—have made it impossible for plaintiff to enforce her judgments for child support arrears or obtain the maintenance, distribution of marital property and counsel fees awarded in the judgment of divorce. Plaintiff has commenced this action to, among other things, set aside these transfers as void and fraudulent.* Defendant, defendant Robert Murray, who is defendant's father, and HiTrak are in default; only the Cheneys and First Pioneer have appeared.

When the Cheneys and First Pioneer moved for summary judgment dismissing the complaint on the ground that they were purchasers for fair consideration without knowledge of defendant's fraudulent transactions, plaintiff cross-moved for summary judgment against all defendants. Supreme Court denied the Cheneys' motion and plaintiff's cross motion against the Cheneys and First Pioneer, finding questions of fact, and partially granted plaintiff's cross motion as against defendant, his father and HiTrak. The court also granted First Pioneer's cross motion. Plaintiff now appeals.

Initially, we agree with plaintiff that there are questions of fact that preclude the grant of summary judgment to First Pioneer. Plaintiff's claims against the Cheneys and First Pioneer are based in part on the allegation that defendant caused the transfer of the subject real property from HiTrak to the Cheneys in violation of a restraining order issued in the divorce action. If, as found in the divorce action, HiTrak acted merely as defendant's agent or alter ego in making that transfer and the restraining order was violated, then the deed issued to the Cheneys and the mortgage given to First Pioneer would be void, rather than voidable (*see Greenpoint Sav. Bank v Guiliano*, 238 AD2d 472, 473-474 [1997], *lv dismissed* 90 NY2d 935 [1997]; *Catalano v Catalano*, 158 AD2d 570, 572 [1990], *amended* 176 AD2d 278 [1991]; *see also Crane v New York Council 66 of Am.*

---

* The facts underlying this action are more fully described in this Court's decisions in the prior appeal in this action (3 AD3d 610 [2004]) and a prior appeal in a Family Court proceeding between plaintiff and defendant in which he was ordered to pay child support (*Matter of Skiff-Murray v Murray*, 305 AD2d 751 [2003]).

*Fedn. of State, County & Mun. Empls.*, 101 AD2d 682, 683 [1984]). One consequence of a void deed would be that neither the Cheneys nor First Pioneer could claim the protected status of bona fide purchasers because nothing would have been conveyed to them (*see Filowick v Long*, 201 AD2d 893, 893 [1994]; *Kraker v Roll*, 100 AD2d 424, 430-431 [1984]; *see also Yin Wu v Wu*, 288 AD2d 104, 105 [2001]; 43A NY Jur 2d, Deeds § 203, at 139-140).

Since the Cheneys and First Pioneer are not bound by the findings in the divorce action, they may litigate the issue of HiTrak's agency here. While most of the evidence in the record indicates that defendant created, owned and controlled HiTrak solely for his own benefit, and there is no dispute that its transfer to the Cheneys occurred while the restraining order was in effect against defendant and his agents, there is also evidence that HiTrak was a separate corporate entity. This evidence raises a question of fact as to whether HiTrak was acting as defendant's agent in making the transfer. If this factual issue were again resolved in plaintiff's favor, then her claim of a void deed and mortgage against the Cheneys and First Pioneer would be established without the need for proof of fraud.

With respect to plaintiff's allegations of fraud, we are persuaded that she also succeeded in raising an issue of fact as to whether First Pioneer was a purchaser for fair consideration without knowledge of defendant's fraudulent transfers (*see* Debtor and Creditor Law § 278). The issue of whether First Pioneer had constructive knowledge of defendant's fraudulent transfers turns in part upon whether information obtained by First Pioneer's attorney, William Fitzgerald, prior to First Pioneer's transaction with the Cheneys, can be imputed to First Pioneer.

Supreme Court concluded that Fitzgerald's knowledge could not be imputed to First Pioneer because it was obtained before he was retained to effectuate the transfer from HiTrak to the Cheneys and the mortgage from the Cheneys to First Pioneer. Supreme Court also summarily decided that, since Fitzgerald had previously represented defendant, disclosure of what he knew to First Pioneer would have likely violated his ethical obligation not to reveal client confidences. In our view, however, Fitzgerald's knowledge did not have to be obtained after he began working for First Pioneer on the transfers involving the Cheneys, and much of what he knew does not appear to have been privileged information.

"The general rule is that knowledge acquired by an agent acting within the scope of his agency is imputed to his principal

and the latter is bound by such knowledge although the information is never actually communicated to it" (*Center v Hampton Affiliates*, 66 NY2d 782, 784 [1985] [citations omitted]; *Farr v Newman*, 14 NY2d 183, 187 [1964]). The agent's knowledge need not be acquired while he or she is performing services for the principal, and may include information learned in prior transactions and relationships (*see* Restatement [Second] of Agency § 276; 2A NY Jur 2d, Agency and Independent Contractors § 302, at 335-336). As long as it was in his mind when acting on First Pioneer's behalf, Fitzgerald's knowledge can be imputed regardless of when or how it was obtained—unless it was acquired confidentially (*see Slattery v Schwannecke*, 118 NY 543, 548 [1890]; *Constant v University of Rochester*, 111 NY 604, 611 [1889]; *Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 133 [1980], citing 3 NY Jur 2d, Agency and Independent Contractors, § 264 [now 2A Jur 2d, Agency, § 304, at 337]; Restatement [Second] of Agency § 281). Even though Fitzgerald may have obtained some information in confidence when defendant was his client, there are questions of fact as to what nonconfidential information he obtained and whether he had it in mind when acting on First Pioneer's behalf.

In this regard, Fitzgerald does not deny that he had knowledge of defendant's indebtedness to plaintiff and of defendant's transfers at the time he performed services for First Pioneer. Instead, Fitzgerald maintains only that he had no actual knowledge that defendant was involved in a scheme to defraud plaintiff. He does not comment on whether he had constructive knowledge that defendant's transfers were fraudulent. Inasmuch as Fitzgerald admits that he knew defendant's transfer to HiTrak was for no consideration and he delivered the original recorded deed to defendant rather than to HiTrak, there are also mixed questions of fact and law as to what Fitzgerald knew when he represented First Pioneer and whether it was sufficient to impose a duty upon him to inquire further (*see Thompson v Whitestone Sav. & Loan Assn.*, 131 AD2d 749, 751 [1987]). If Fitzgerald obtained sufficient nonconfidential information to require further inquiry on his part, and reasonable inquiry would have produced actual knowledge that defendant's transfers were fraudulent, then—as a matter of law—the evidence would support a finding of constructive knowledge imputable to First Pioneer (*see* 81 NY Jur 2d, Notice and Notices § 7; *Loika v Howard*, 103 AD2d 874, 875 [1984]; *cf. Miner v Edwards*, 221 AD2d 934, 934 [1995]).

We also agree with plaintiff that her cross motion for summary judgment against defendant, his father and HiTrak on her

cause of action pursuant to Debtor and Creditor Law § 276 should have been granted. Plaintiff met her burden on the cross motion to show fraudulent intent by presenting evidence that there was no consideration for the conveyance between defendant and HiTrak, leaving defendant insolvent, as well as no actual consideration for the mortgage given by defendant to his father (see Dempster v Overview Equities, 4 AD3d 495, 498 [2004], lv denied 3 NY3d 612 [2004]). Due to their default in the action, those defendants then failed to raise any issue of fact as to their intent. Accordingly, plaintiff is also entitled to recover her reasonable counsel fees pursuant to Debtor and Creditor Law § 276-a.

To the extent that plaintiff argues that defendant's fraudulent intent creates a presumption of fraudulent intent on the part of the Cheneys, however, we note that this presumption no longer exists in New York law (see Marine Midland Bank v Murkoff, 120 AD2d 122, 127-128 [1986], appeal dismissed 69 NY2d 875 [1987]). Also, we agree with Supreme Court that a number of badges of fraud are present with respect to the Cheneys, but we concur as well with Supreme Court that there are issues of fact to be determined in light of the circumstances of these transactions (see White Rose Food v Mustafa, 251 AD2d 653, 654-655 [1998]; Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition, 226 AD2d 1056, 1058 [1996], lv dismissed 88 NY2d 962 [1996]; Atlantic Bank of N.Y. v Toscanini, 145 AD2d 590, 591 [1988]). Accordingly, Supreme Court properly denied plaintiff's cross motion as against the Cheneys.

Finally, we have considered plaintiff's remaining arguments and find them to be without merit.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendant First Pioneer Farm Credit, A.C.A. for summary judgment and as denied plaintiff's cross motion for summary judgment against defendants Kevin R. Murray, HiTrak Corporation and Robert Murray on her Debtor and Creditor Law § 276 cause of action; First Pioneer's cross motion denied, plaintiff's cross motion granted to said extent and matter remitted to the Supreme Court for a hearing on the amount of counsel fees to be awarded to plaintiff pursuant to Debtor and Creditor Law § 276-a; and, as so modified, affirmed.