In the Matter of INEZ YANCEY, Respondent. NEW CHAPEL BAPTIST CHURCH, Appellant.

Argued October 5, 1954; decided October 21, 1954.

860

*Melvel W. Snitow* and *Sydney Snitow* for appellant.

*Stephen Holden, Jr.,* for respondent.

*Per Curiam.* The order of the Appellate Division and that of the Special Term of the Supreme Court should be reversed, and the petition dismissed, without costs. Aside from the facts that the petition is fatally defective, that there is no proof in the record that the corporate appellant is the true successor of the unincorporated association, and that the unappealed judgment of the Supreme Court in the previous foreclosure action is conclusive upon the parties (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 17; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Reich* v. *Cochran,* 151 N. Y. 122, 127–128; *Pray* v. *Hegeman,* 98 N. Y. 351, 358), the Supreme Court was without power, either under subdivision 9 of section 12 of the Religious Corporations Law, or under section 113 of the Real Property Law, to grant the order appealed from. Said order is invalid, since, by statutory exception, subdivision 9 of section 12 of the Religious Corporations Law permits *nunc pro tunc* validation of mortgages executed by incorporated religious associations only; in other cases, the general principles governing *nunc pro tunc* orders apply (*Mohrmann* v. *Kob,* 291 N. Y. 181, 186; *Merrick* v. *Merrick,* 266 N. Y. 120; *Stock* v. *Mann,* 255 N. Y. 100; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, Reading & New England R. R. Co.,* 160 N. Y. 1, 7; *Mishkind-Feinberg Realty Co.* v. *Sidorsky,* 111 App. Div. 578, 583).

The order of the Appellate Division and that of the Supreme Court should be reversed, and the petition dismissed, without costs.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.

Orders reversed, etc.