■ Lillian F. Poringer, as Administratrix De Bonis Non of the Estate of Helene F. Brody, Deceased, Appellant, v. Meyer W. Brody, Respondent.— Appeal from an order of the Supreme Court, Rensselaer County, denying appellant's motion to compel the respondent Metropolitan Life Insurance Company to pay her the cash surrender value of a life insurance policy on the life of the respondent judgment debtor. The life insurance policy in question was procured by the judgment debtor in 1941 with his wife, the appellant's intestate, as the named beneficiary and with the right to change the beneficiary reserved. On October 21, 1952 he changed the beneficiary thereof by designating his three sisters as such and did not at that time reserve the right to further change the beneficiary. It is alleged that several days before this he had abandoned his wife. In April of 1953 an action for separation was instituted against the judgment debtor; on August 10, 1953 the payment of alimony and counsel fees was ordered; on October 14, 1957 he was found in contempt for nonpayment in the amount of $8,300; and on February 18, 1958 a judgment was entered in the amount of $8,310. A final judgment in the separation action was entered on February 16, 1959. On May 16, 1958 a subpœna to examine the Metropolitan was served in New York County in a proceeding supplementary to judgment and an affidavit was submitted on behalf of Metropolitan. In May, 1959 an order to show cause was signed in Albany County providing for notice to Metropolitan, the three beneficiaries as well as the judgment debtor and ordering them to show cause why the cash surrender value of the life insurance policy should not be paid over to the appellant who is the administratrix of the estate of the deceased wife of the judgment debtor. The beneficiaries and Metropolitan opposed the granting of the relief sought. The court below found that the motion was made in the separation action and not by separate action or proceeding, and that the remedy to set aside a transaction as being in fraud of creditors is not available on motion either under section 166 of the Insurance Law or article 10 of the Debtor and Creditor Law. Under section 166 of the Insurance Law the proceeds of insurance policies are placed beyond the reach of the insured's creditors and it is provided that every change of bene-

ficiaries is valid except where done with actual intent to hinder, delay or defraud creditors. In such case creditors are given the remedies provided by article 10 of the Debtor and Creditor Law and the amount of premiums paid with such actual intent to defraud creditors may be recovered from the proceeds of the policy (the term proceeds includes the cash surrender value). The appellant contends that such exemption does not apply to a wife who is a creditor but such a position was rejected in *Gross* v. *Gross* (280 App. Div. 433). Thus the appellant can get at the proceeds of the policy here only in the event she can show that the change of beneficiary was with actual intent to defraud her intestate. The court below ruled that it was without jurisdiction to determine this question on a motion, citing several cases which indicate that in such a situation there must be a plenary action to determine the existence or nonexistence of the fraud (cf. *Rosenberg* v. *Rosenberg*, 259 N. Y. 338; *American Sur. Co.* v. *Conner*, 251 N. Y. 1, 7). We agree. Where as here the existence of any' debt owing to the insured is denied and further where there is serious question as to whether actual intent to defraud can be made out, since the change of beneficiaries was made before any separation action was begun, the question should not be determined by motion but by a plenary action to set aside the change as fraudulent. Order unanimously affirmed, without costs.