■ RHODA FRIEDMAN, Respondent, v MARVIN FRIEDMAN, Respondent. SIDNEY FRIEDMAN, Nonparty Appellant; CARL

ROSENBERG et al., Nonparty Respondents.—In a matrimonial action in which the parties were divorced by judgment dated February 26, 1985, Sidney Friedman, the assignee of a mortgage which the judgment of divorce set aside as a fraudulent conveyance, appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered July 2, 1985, which denied his motion to vacate (1) the provision of the judgment of divorce which declared the conveyance fraudulent and set it aside, and (2) an order of the same court, dated May 2, 1985, which enforced that portion of the judgment and granted the mortgagors' motion for an order "in the nature of interpleader".

Ordered that the order is reversed, on the law, without costs or disbursements, and the appellant's motion is granted to the extent that the seventh decretal paragraph of the judgment of divorce dated February 26, 1985, and the order dated May 2, 1985, are vacated without prejudice to (1) the right of the mortgagors to commence an action in the nature of interpleader and (2) the right of Rhoda Friedman to commence a plenary action pursuant to the Debtor and Creditor Law regarding the assignment of the mortgage.

During the pendency of their divorce action, the plaintiff wife Rhoda Friedman and the defendant husband Marvin Friedman sold their home to Carl and Rivka Rosenberg, who contemporaneously executed two separate purchase-money mortgages: one in the sum of $90,000 to the plaintiff and another for $70,000 to the defendant. Several months thereafter, the defendant assigned his mortgage to his brother, the appellant Sidney Friedman, which assignment was duly recorded.

A judgment of divorce was granted in February of 1985 and the seventh decretal paragraph thereof declared that "pursuant to Section 278 of the Debtor and Creditor law, the conveyance of a certain mortgage made by Carl Rosenberg and Rivka Rosenberg in favor of Martin Friedman to one Sidney Friedman, the natural brother of the defendant is hereby deemed fraudulent and set aside". Sidney Friedman was neither a party to the action nor was he afforded an opportunity to be heard.

Soon after, the defendant moved, *inter alia,* for resettlement of the judgment of divorce by deleting the seventh decretal paragraph, on the ground that the validity of the mortgage assignment was neither litigated at the trial nor properly the subject of the divorce action, but was "a separate issue, which must be determined on the merits".

The Rosenbergs, having received conflicting instructions with respect to whom they were to tender their payments, and confronted with threats of foreclosure, moved for an order in the "nature of interpleader", directing them to make their payments to a specific party.

These two motions were jointly addressed by Special Term in an order dated May 2, 1985. The defendant's motion was denied and the Rosenbergs' motion was granted, the court reiterating its finding that the mortgage assignment was fraudulent and directing that the Rosenbergs make the payments to the plaintiff until such time as a judgment for arrears of support was satisfied.

Special Term thereafter denied the appellant's motion, based upon his claim of having been deprived of his property without due process of law, for vacatur of that portion of the judgment of divorce which set aside the mortgage assignment as fraudulent and for vacatur of the order dated May 2, 1985.

It is a fundamental legal principle that an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard. Clearly, Sidney Friedman, a necessary party *(see,* CPLR 1001 [a]), who was neither notified of the impending adjudication of the validity of the mortgage assignment, which necessarily entailed a determination as to his property rights, nor granted an opportunity to be heard, was deprived of this basic right. Thus, we conclude that the provision of the judgment of divorce which sets aside the conveyance as fraudulent must be vacated.

The plaintiff is relegated to the remedies provided in the Debtor and Creditor Law governing fraudulent conveyances, which are properly sought by way of a plenary action *(see, American Sur. Co. v Conner,* 251 NY 1; *Poringer v Brody,* 13 AD2d 567, *rearg and appeal denied* 14 AD2d 458; 30 NY Jur 2d, Creditors' Rights and Remedies, § 350; 46 NY Jur 2d, Domestic Relations, § 200), to which the transferee or assignee would be a necessary party *(see,* CPLR 1001 [a]).

Finally, the Rosenbergs may, if they be so advised, commence an interpleader action in order to secure an adjudication as to whom they owe their obligations under the mortgage *(see,* CPLR 1006). Mollen, P. J., Bracken, Brown and Kooper, JJ., concur.