■ BEEBE B. HUBBARD, Respondent, v AMORY H. MILLARD, Individually and as Coexecutor of THOMAS HUBBARD, Deceased, et al., Appellants.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered December 29, 1988, which granted the defendants' motion to dismiss the first, second and fourth causes of action and denied the motion to dismiss the third and fifth causes of action, unanimously modified, on the law, to dismiss the third cause of action, and to dismiss the fifth cause of action to the extent that it seeks recovery beyond the amounts of premiums paid on the insurance policies, and otherwise affirmed, without costs.

Plaintiff contests the validity of a change of beneficiary for certain life insurance policies issued to defendant THINC Consulting Group International, Inc. (Thinc) on the life of its chairman and sole shareholder, Thomas Hubbard, plaintiff's husband. Following the sale of Thinc's business, its board of directors designated Hubbard's daughter, defendant Amory Hubbard Millard, as beneficiary in place of Thinc. Shortly thereafter Mr. Hubbard died. Plaintiff alleges that she is a creditor of Thinc, based on an outstanding claim she has asserted against Thinc and her husband in ongoing, separate litigation, and that the change of beneficiary was effected to frustrate her ability to recover on this claim.

Mr. Hubbard was the sole shareholder and chairman of Thinc. The life insurance policies here at issue were "key man" policies naming the company as beneficiary. Plaintiff Mrs. Hubbard was employed as a director and officer of Thinc pursuant to a contract providing for full-time employment

through 1991, at a base salary of $80,000 per annum, with a provision for part-time employment as a consultant for an additional 10 years. In April 1987, Thinc discharged Mrs. Hubbard. Shortly thereafter Mr. Hubbard commenced an action against her for divorce and Thinc brought an action against her for mismanagement and breach of contract. Mrs. Hubbard counterclaimed against Thinc for breach of contract and against Mr. Hubbard for tortious interference with the contractual relationship. Based upon the existence of these counterclaims, Mrs. Hubbard asserts herein that she is a creditor of Thinc.

Thinc sold its business to Hubbard Holdings, in August 1987, in an asset sale for over $2 million in cash and notes, and adopted a 12-month plan of liquidation and dissolution in accordance with Internal Revenue Service rule 337 and ceased ongoing business activities. Following the sale of the business, the board of directors of Hubbard Holdings approved the aforenoted change of beneficiary of the "key man" insurance policies. The chairman of the board, Robert Boland, explained in an affidavit that the change was effected because with the sale of the company and cessation of ongoing business activity, the "key man" life insurance became "superfluous", and also that the beneficiary was changed to the daughter in recognition of Mr. Hubbard's estate planning concerns. Mr. Hubbard died in September 1987.

Plaintiff brought this action seeking to set aside the change of beneficiary as a fraudulent transaction intended to frustrate her ability to collect the expected recovery against Thinc in the underlying action. She asserted four causes of action under article 10 (entitled fraudulent conveyances) of the Debtor and Creditor Law, specifically sections 273, 273-a, 274 and 275 of that law, respectively, and interposed a fifth cause of action claiming that the change of beneficiary was made with the intent to hinder, delay and defraud plaintiff. The trial court, without extended comment, granted the defendants' motion to dismiss the complaint for failure to state a cause of action as to the first, second and fourth causes of action, but allowed the third cause of action, pursuant to Debtor and Creditor Law § 274, and the fifth cause of action to stand. Only these two causes of action are at issue on this appeal.

The defendants' main argument is premised on Insurance Law § 3212 (e), which provides in subdivision (1) that "[e]very assignment or change of beneficiary or other transfer is valid, except in cases of transfer with actual intent to hinder, delay

or defraud creditors, as defined by article 10 of the debtor and creditor law. In such cases creditors shall have all the remedies provided by such article ten." The statute makes clear, in subdivision (2) (A), that "[s]ubject to the statute of limitations, the amount of premiums or other consideration paid with actual intent to defraud creditors * * * shall enure to the benefit of creditors".

These provisions have long been held to mean that "an action based on a constructive fraud may not be maintained; that plaintiff may not succeed except upon a showing of actual intent to defraud creditors; and that any recovery authorized is that of the amount of premiums paid with actual intent to defraud creditors, with interest" *(Levine v Grey,* 271 App Div 891, *amended* 271 App Div 929, *affd* 296 NY 1018; *see also, Chatham Phenix Natl. Bank & Trust Co. v Crosney,* 251 NY 189; *Poringer v Brody,* 13 AD2d 567, *lv denied* 10 NY2d 707).

Analyzing plaintiff's third cause of action in light of this statutory provision, it is clear that it may not be sustained. The third cause of action alleges that the change of beneficiary of the life insurance policies left Thinc with unreasonably small capital, thereby constituting a fraudulent conveyance under Debtor and Creditor Law § 274. This cause of action by its terms alleges merely *constructive* fraud, i.e., with intent presumed at law, as opposed to actual intent to defraud creditors *(cf.,* Debtor and Creditor Law § 276). Since this cause of action does not allege actual intent to hinder or defraud creditors, it may not be maintained in view of Insurance Law § 3212. Accordingly, this cause of action must be dismissed.

The fifth cause of action does allege a transfer with "intent to hinder, delay and defraud plaintiff", and in that regard falls within the purview of Insurance Law § 3212 (e). However, to the extent that such cause of action purports to seek recovery of the entire proceeds of the insurance policy, it cannot stand, since recovery under the Insurance Law is limited to those premiums actually paid with intent to defraud. Accordingly, this cause of action is dismissed to the extent that it seeks a recovery in excess of said premiums. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.