■ RONALD B. LOSNER et al., Respondents, v CASHLINE, L.P., et al., Defendants. NORTH FORK BANK, as Trustee, Nonparty Appellant. [726 NYS2d 874] —In an action to set aside a conveyance of real property as fraudulent, the North Fork Bank, as Trustee, appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated June 22, 2000, which denied its motion, *inter alia,* to vacate an order and judgment (one paper) of the same court dated May 15, 2000.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion is granted to the extent that the order and judgment dated May 15, 2000, is vacated, the deeds and mortgages set aside by that order and judgment are reinstated, the deed granting title of the subject property to Equity Source Holding Corp is set aside, and the motion is otherwise denied.

"It is a fundamental legal principle that an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard" (*Friedman v Friedman,* 125 AD2d 539, 541). In this case, the appellant, an assignee of the defendant mortgagee, is a necessary party who was not given an opportunity to be heard, and as such was deprived of its property rights (*see, Friedman v Friedman, supra; Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084). Thus, the order and judgment dated May 15, 2000, which, among other things, voided the appellant's mortgage on the subject property must be vacated. Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.