■ Ameriquest Mortgage Company, Respondent, v Thomas Gaffney et al., Respondents, et al., Defendants. Lafayette Realty NY, LLC, Intervenor-Appellant, et al., Intervenor. [839 NYS2d 203]—

In an action to foreclose a mortgage, the intervenor Lafayette Realty NY, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated September 23, 2005, as denied that branch of its motion, denominated as one for leave to reargue, but which was, in effect, to stay enforcement of and vacate an order and judgment of the same court dated March 29, 2005, which, inter alia, declared that a deed dated June 21, 2002 was void.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On June 21, 2002 the defendant John Boswell, as administrator of the estate of Thelma Boswell, allegedly deeded the subject premises to the defendant Thomas Gaffney. Gaffney obtained a loan secured by a mortgage on the premises from the plaintiff Ameriquest Mortgage Company (hereinafter Ameriquest). Ameriquest commenced this foreclosure action against Gaffney, among others, alleging that Gaffney had defaulted in his mortgage payments.

During the pendency of the action, Boswell moved to intervene and void the deed dated June 21, 2002. On February 25, 2005 the Supreme Court orally granted Boswell's motion. It is not disputed that Gaffney was present in court and that later that same day he conveyed the subject premises to Barbara Pierce. On March 18, 2005 Pierce conveyed the premises to Lafayette Realty NY, LLC (hereinafter Lafayette). By order and judgment (one paper), dated March 29, 2005, the Supreme Court, inter alia, declared that the deed dated June 21, 2002 was void and dismissed Ameriquest's action. Subsequently, Lafayette moved, among other things, to restore this matter to the calendar and for leave to intervene. By order dated September 23, 2005, the court granted those branches of Lafayette's motion which were to restore this matter to the calendar and for leave to intervene. However, it denied that branch of Lafayette's motion, denominated as one for leave to reargue, but which was, in effect, to stay enforcement of and vacate the order and judgment which,

inter alia, declared that the deed dated June 21, 2002 was void. Lafayette appeals.

"It is a fundamental legal principle that an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard" (*Friedman v Friedman*, 125 AD2d 539, 541 [1986]). In this case, although Lafayette was not a party to the action at the time it was deprived of its property rights, the Supreme Court properly restored the matter to the calender, permitted it to intervene, and rejected its argument regarding the validity of the deed dated June 21, 2002. On appeal, Lafayette makes no argument regarding the validity of the deed. Instead, it argues that the result was inequitable since it purchased the property in good faith. However, one consequence of a void deed would be that Lafayette cannot claim the protected status of bona fide purchaser because nothing would have been conveyed to it (*see Marden v Dorthy*, 160 NY 39, 56 [1899]; *Greenpoint Sav. Bank v Guiliano*, 238 AD2d 472, 473 [1997]). Accordingly, the court properly denied that branch of Lafayette's motion, denominated as one for leave to reargue, but which was, in effect, to stay enforcement of and vacate the order and judgment which, inter alia, declared that the deed dated June 21, 2002 was void. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.