■ MENORAH HOME AND HOSPITAL FOR AGED AND INFIRM, Respondent, v GODFREY JELKS, Defendant. GREEN TREE CREDIT,

LLC, Formerly Known as Conseco Finance Credit Corp., Nonparty Appellant. [876 NYS2d 502]—

In an action to recover payment for professional nursing care services, to set aside a conveyance of real property as fraudulent, and to declare the subject deed null and void, nonparty Green Tree Credit, LLC, formerly known as Conseco Finance Credit Corp., appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated December 17, 2007, which denied its motion, in effect, pursuant to CPLR 2221 (a) and 1001 (a) to vacate those portions of a prior order of the same court dated December 5, 2006, granting that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to set aside a deed of real property to the defendant as fraudulent, and amended a prior order and judgment (one paper) of the same court (Ruchelsman, J.), dated September 12, 2005, to include a declaration that the subject deed is null and void and a direction to the County Clerk of Kings County to mark the records accordingly.

Ordered that the order is reversed, on the law, with costs, the nonparty appellant's motion, in effect, pursuant to CPLR 2221 (a) and 1001 (a) is granted, and those provisions of the December 5, 2006 order which granted that branch of the plaintiff's motion which was for leave to amend the complaint and which amended the order and judgment dated September 12, 2005 to include a declaration that the subject deed is null and void and a direction to the County Clerk of Kings County to mark the records accordingly are vacated, and that branch of the plaintiff's motion which was for leave to amend the complaint is denied.

"It is a fundamental legal principle that an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard" (*Friedman v Friedman*, 125 AD2d 539, 541 [1986]). Contrary to the plaintiff's contention and the determination of the Supreme Court, the plaintiff was required to join the nonparty appellant Green Tree Credit, LLC, formerly known as Conseco Finance Credit Corp. (hereinafter Green Tree), the mortgagee of the subject premises, as a necessary party in its cause of action to set aside the conveyance of the subject premises as fraudulent, and to declare the subject deed null and void (*see* CPLR 1001 [a]; *Ameriquest Mtge. Co. v Gaffney*, 41 AD3d 750, 751 [2007]; *Losner v Cashline, L.P.*, 284 AD2d 433 [2001]; *Friedman v Friedman*, 125 AD2d 539, 541 [1986]; *see e.g. Skiff-Murray v Murray*, 17 AD3d 807 [2005]). Accordingly, the failure of the

plaintiff to join Green Tree as a defendant requires that the portions of the Supreme Court's resulting order dated December 5, 2006 granting that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to set aside the conveyance of the subject premises as fraudulent, and to declare the subject deed null and void, and amending a prior order and judgment of the same court to include a declaration that the subject deed is null and void and a direction to the County Clerk of Kings County to mark the records accordingly be vacated, and that that branch of the plaintiff's motion which was for leave to amend the complaint be denied.

Moreover, Green Tree demonstrated that the cause of action sought by the plaintiff in the proposed amendment to the complaint is time-barred (see CPLR 213 [8]; *Bobash, Inc. v Festinger*, 57 AD3d 464 [2008]; *Ehrler v Cataffo*, 42 AD3d 424, 425 [2007]; *Island Holding v O'Brien*, 6 AD3d 498, 500 [2004]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.