In an action, inter alia, for a judgment declaring that a deed and a mortgage are void, the defendant Accredited Home Lenders, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 20, 2010, as granted that branch of the plaintiffs motion which was, in effect, for summary judgment declaring that the deed is void, and (2) so much of an order of the same court dated October 18, 2010, as denied that branch of its motion which was for leave to reargue its opposition to that branch of *863 the plaintiffs motion and, in effect, denied that branch of its motion which was, in effect, for summary judgment declaring that its mortgage is not void.
Ordered that the order dated April 20, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the appeal from so much of the order dated October 18, 2010, as denied that branch of the appellant’s motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated October 18, 2010, is affirmed insofar as reviewed, without costs or disbursements.
The defendant Accredited Home Lenders, Inc. (hereinafter AHL), contends that the Supreme Court erred in granting that branch of the plaintiffs motion which was, in effect, for summary judgment declaring that a deed executed by the defendant Valdemar Prado conveying to himself certain real property owned by the plaintiff, a not-for-profit corporation, is void. The plaintiff established that the deed is void on the ground that Prado did not obtain court approval for the transfer and, thus, the transfer violated Not-For-Profit Corporation Law §§ 510 and 511, which require Supreme Court approval for the disposition of all or substantially all of the assets of a not-for-profit corporation. Contrary to AHL’s contention, the plaintiff showed that it is a duly registered not-for-profit corporation and that the transferred property constitutes all or substantially all of the plaintiffs assets. In opposition, no triable issues of fact were raised.
AHL further contends that the Supreme Court erred in determining that its mortgage, which was based on the void deed, is also void. This contention is without merit. “If documents purportedly conveying a property interest are void, they convey nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing” (First Natl. Bank of Nev. v Williams, 74 AD3d 740, 742 [2010], citing Marden v Dorthy, 160 NY 39, 48 [1899]; see GMAC Mtge. Corp. v Chan, 56 AD3d 521, 522 [2008]; Yin Wu v Wu, 288 AD2d 104, 105 [2001]; Kraker v Roll, 100 AD2d 424, 430-431 [1984]; see also Ameriquest Mtge. Co. v Gaffney, 41 AD3d 750, 751 [2007] [“one consequence of a void deed would be that (a subsequent transferee) cannot claim the protected status of bona fide purchaser because nothing would have been conveyed to it”]). AHL contends that it was a subsequent good faith encumbrancer for value and, thus, protected under Real Property Law § 266. *864 However, a bona fide encumbrancer is only protected when the challenged conveyance is voidable, not when it is void (see Anderson v Blood, 152 NY 285 [1897]; Yin Wu v Wu, 288 AD2d at 105; Kraker v Roll, 100 AD2d 424 [1984]). Here, the Supreme Court determined that the deed is void. Thus, the interests of subsequent bona fide purchasers or encumbrancers for value are not protected under Real Property Law § 266.
AHL also contends that the Supreme Court erred in determining that the deed is void, inasmuch as the deed is capable of ratification. In this regard, AHL correctly points out that Religious Corporations Law § 12 provides an exception to the statutory requirement of obtaining leave of the court by permitting the court to confirm a conveyance after the sale has been made and the conveyance executed and delivered (see Religious Corporations Law § 12 [9]; Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 54 NY2d 742 [1981]; Matter of Yancey [New Chapel Baptist Church], 307 NY 858 [1954]). However, that statute does not apply here since the plaintiff is not a religious corporation (see Cuomo v Daniels, 25 Misc 3d 1226[A], 2009 NY Slip Op 52304[U] [2009]; see also Rose Ocko Found. v Lebovits, 259 AD2d 685, 688 [1999]). Skelos, J.P, Balkin, Leventhal and Sgroi, JJ., concur.