Lewis v Holliman (2019 NY Slip Op 07574)





Lewis v Holliman


2019 NY Slip Op 07574


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-05911
 (Index No. 507479/13)

[*1]Roland Lewis, respondent, 
v
Mary Jean Holliman, defendant, Stacy Reeves, appellant.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for appellant.
Korsinsky & Klein, LLP, Brooklyn, NY (Michael Korsinsky, Samuel Diamanstein, and Stuart R. Friedman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a certain deed is null and void, the defendant Stacy Reeves appeals from a judgment of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 26, 2016. The judgment, upon an order of the same court dated October 15, 2015, granting the plaintiff's unopposed motion for summary judgment, inter alia, declaring that the subject deed and all subsequent deeds and encumbrances are null and void, and upon an order of the same court dated April 18, 2016, denying the motion of the defendant Stacy Reeves pursuant to CPLR 5015(a) to vacate the order dated October 15, 2015, declared that the plaintiff is the rightful owner of the subject property and that the subject deed and all subsequent deeds and encumbrances are null and void, and directed the Register of the City of New York to mark the records accordingly.
ORDERED that on the Court's own motion, the notice of appeal from the order dated April 18, 2016, is deemed to be a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is reversed, on the law, with costs, the motion of the defendant Stacy Reeves pursuant to CPLR 5015(a) to vacate the order dated October 15, 2015, is granted, the order dated April 18, 2016, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The plaintiff commenced this action against his former wife, Mary Jean Holliman, and Holliman's son from another relationship, Stacy Reeves, seeking, inter alia, a judgment declaring that a deed dated October 3, 2003, is null and void. Pursuant to that deed, the plaintiff purportedly transferred ownership of residential property to Holliman. According to the plaintiff, Holliman caused the forgery of his signature on the October 3, 2003, deed. By deed dated December 8, 2006, Holliman purported to transfer ownership of the property to Reeves. Shortly after the plaintiff commenced this action, Holliman died and the plaintiff discontinued the action insofar as asserted against her.
The plaintiff moved for summary judgment declaring that the October 3, 2003, deed and all subsequent deeds and encumbrances are null and void and that he is the rightful owner of the [*2]property, and directing the Register of the City of New York to mark the records accordingly. In an order dated October 15, 2015, the Supreme Court granted the motion upon Reeves's failure to oppose it. Reeves thereafter moved pursuant to CPLR 5015(a) to vacate the order dated October 15, 2015. In an order dated April 18, 2016, the court denied Reeves's motion on the ground that he had failed to demonstrate a potentially meritorious opposition to the plaintiff's motion for summary judgment. Thereafter, a judgment dated September 26, 2016, was entered declaring that the October 3, 2003, deed and all subsequent deeds and encumbrances are null and void and that the plaintiff is the rightful owner of the property, and directing the Register of the City of New York to mark the records accordingly. Reeves appeals.
In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245; Vizelter v Strogov, 170 AD3d 917, 918). Here, we agree with the Supreme Court's determination to deny Reeves's motion to vacate his default in opposing the plaintiff's motion for summary judgment on the ground that Reeves failed to demonstrate a potentially meritorious opposition. Reeves's contentions that he demonstrated such an opposition based on adverse possession, the doctrines of laches, waiver, and equitable estoppel, the statute of limitations, the alleged insufficiency of the plaintiff's prima facie showing, and the prematurity of the plaintiff's motion are raised for the first time on appeal. Contrary to Reeves's assertion, none of these contentions, except for the contentions that the action is time-barred and that the plaintiff failed to establish, prima facie, that he was entitled to summary judgment, are properly reviewable as issues of law apparent on the face of the record which could not have been avoided if raised at the proper juncture (see R & B Design Concepts, Inc. v Wegner Constr. Co., Inc., 153 AD3d 864, 864; Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033; cf. Gutierrez v State of New York, 58 AD3d 805, 807). In any event, all of these contentions lack merit.
However, we take judicial notice of the public land records and the record in a related appeal currently pending in this Court reflecting that, prior to the entry of the judgment, nonparty U.S. Bank, National Association, was the mortgagee of record of a mortgage on the subject property (see Matter of Siwek v Mahoney, 39 NY2d 159, 163 n 2; Chateau Rive Corp. v Enclave Dev. Assoc., 22 AD3d 445, 446-447). Contrary to the plaintiff's contention, the plaintiff was required to join U.S. Bank, National Association, as a necessary party to this action (see CPLR 1001; Menorah Home & Hosp. for Aged & Infirm v Jelks, 61 AD3d 648, 649). The plaintiff's failure to do so requires that the judgment be reversed and Reeves's motion to vacate the order dated October 15, 2015, be granted (see Menorah Home & Hosp. for Aged & Infirm v Jelks, 61 AD3d at 650).
Reeves's remaining contention is without merit.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court